IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBBIE H.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 5121 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Debbie H.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse to Commissioner's decision [Doc. No. 19] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On May 31, 2017, Plaintiff filed claims for DIB and SSI, alleging disability since August 31, 2012. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 19, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. At the hearing, Plaintiff amended her alleged onset date to May 5, 2017.

On October 2, 2019, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date of May 5, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: multiple sclerosis; peripheral neuropathy; and Huntington's disease. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can sit for 45 minutes at a time and stand for 20 minutes at a time before changing position; can sit for a total of 4 hours and stand and/or walk for a total of 4 hours in an 8-hour day; can frequently lift 10 pounds and occasionally lift 20 pounds; and can occasionally stoop or crouch and can rarely climb ladders or stairs. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a photographer helper or cashier checker. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

4

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful

5

appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to subject a substantial line of evidence to medical expert scrutiny; and (2) the ALJ failed to adequately consider treating and examining medical opinions.

Pertinent to Plaintiff's first argument, on May 3, 2019, Dr. Padmaja Vittal – noting Plaintiff's reports of slurred speech and short-term memory loss – diagnosed Plaintiff with Huntington's disease and "[d]ementia due to Huntington's disease without behavioral disturbance." (R. 1460.) Huntington's disease is a hereditary neurodegenerative disorder characterized by progressively worsening motor, cognitive, behavioral, and psychiatric symptoms. *Ash v. Kijakazi*, No. 21-06061,

2022 U.S. Dist. LEXIS 98426, at *4 (W.D. Mo. June 2, 2022). Huntington's disease is a fatal condition typically characterized by involuntary movements and dementia. (Pl.'s Mot. at 5 n.1.) There is no cure or treatment to stop, slow, or reverse the progression of Huntington's disease. *Ash*, 2022 U.S. Dist. LEXIS 98426 at *4. Adult-onset Huntington's disease is a "compassionate allowance" condition. *Id*. With compassionate allowance conditions, the ALJ "may, but is not required to, determine that a claimant [with such a condition] meets a listing and is therefore disabled simply by having the condition." *Emily W. v. Saul*, No. 6:19-cv-1336, 2021 U.S. Dist. LEXIS 85205, at *8 (D. Or. May 4, 2021) (citations omitted and emphasis removed).

      Plaintiff argues that the ALJ committed reversible error by failing to re-submit Plaintiff's case to medical expert scrutiny in light of later evidence concerning her diagnoses of worsening Huntington's disease and Huntington's-related dementia. The Court agrees. As stated by the Seventh Circuit, "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) (citations omitted); *see also Massaglia v. Saul*, 805 F. App'x 406, 410 (7th Cir. 2020) ("An ALJ may rely on a reviewing physician's assessment unless later evidence containing new, significant medical diagnoses 'changed the picture so much' that it reasonably could have changed the reviewing physician's opinion.") (citation omitted). When new "treatment records [are] potentially decisive in that they

7

introduce[] a new symptom and diagnosis in [the claimant's] case and provide[] objective support" for a claimant's impairments, an ALJ errs by continuing to rely on outdated medical assessments. *Annette S. v. Saul*, No. 19 C 6518, 2021 U.S. Dist. LEXIS 92322, at *24-25 (N.D. Ill. May 14, 2021). That is what happened here. The ALJ noted Dr. Vittal's May 2019 diagnoses of worsening Huntington's disease and Huntington's-related dementia, but otherwise relied, *inter alia*, on two consultative examinations from November 2017. (R. 22-23.) Notably, despite Plaintiff's neurodegenerative diagnoses, including dementia, the ALJ's RFC assessment does not include any accommodations for mental impairments.

Ultimately, the Court finds that Dr. Vittal's later treatment records – supporting irreversible conditions that would progressively get worse – are potentially decisive and changed the picture to an extent that additional medical scrutiny is required. *See Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021) ("Although a close question, we conclude that the ALJ erred by not soliciting an updated medical opinion interpreting Kemplen's July and September 2017 X-rays."); *Heredia v. Colvin*, No. 14 CV 5644, 2015 U.S. Dist. LEXIS 78773, at *14 (N.D. Ill. June 18, 2015) ("These [additional] records reflect ongoing psychological problems and, importantly, a new diagnosis of borderline personality disorder (in combination with major depressive disorder). No expert considered the diagnosis of borderline personality disorder, or the impact of that disorder combined with major depressive disorder, so the ALJ was without a medical foundation on those issues.") (citations omitted). The need for updated medical scrutiny requires that this matter

8

be remanded. *See Nichole M. S. v. Saul*, No. 19 C 7798, 2021 U.S. Dist. LEXIS 26993, at *41 (N.D. Ill. Feb. 12, 2021) ("In sum, the ALJ erred in relying on outdated opinions of the state agency psychological consultants and on his own lay interpretation of the subsequent mental health records. A remand is required so the ALJ can reevaluate Nichole's mental RFC based upon opinion evidence from psychological experts who have considered the entire record."). With respect to Plaintiff's Huntington's disease, the only substantive argument Defendant raises is that Plaintiff's "diagnosis of Huntington's disease" does not mean "a finding of disability is automatic" and the "decision to allow or deny the claim [still] rests with the adjudicator." (Def.'s Memo. at 11-12.) That is true, but it does not change the requirement that an ALJ render a decision based on up-to-date medical opinions.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all treating and examining medical opinions are properly evaluated.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse to Commissioner's decision [Doc. No. 19] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order. In keeping with the conclusions reached herein, an updated medical expert review must be undertaken before the ALJ renders a new decision.

**SO ORDERED.**    **ENTERED:**

*[signature: Maria Valdez]*

**DATE:   June 23, 2022**    _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**